**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

JACK TOLES,

                    Plaintiff,              REPORT AND
                                                    RECOMMENDATION
v.                                        04-CV-6126

CHARLES SCHILLACI, Individually and
in his Official Capacity as
Commissioner of the SENECA COUNTY
DIVISION of HUMAN SERVICES,

                    Defendant.

**Preliminary Statement**

Currently before the Court are the parties' cross-motions for summary judgment (Docket # 25, 33) and plaintiff's motion to strike an affidavit proffered by the defendant (Docket #52). By Order of Judge Charles J. Siragusa, dated November 29, 2005, all dispositive motions have been referred to me pursuant to 28 U.S.C. §636(b)(1)(A)-(B) for a Report and Recommendation. (Docket #38). The Court heard oral argument of these motions on January 26, 2006.

**Factual Background**

<u>The PRWORA</u>: In 1996, the United States Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act (PRWORA). The PRWORA established a new federally-funded welfare program replacing the Aid to Families with Dependent Children program. One of the express purposes of the new PRWORA statute was to "end the dependence of needy parents on government benefits by

promoting job preparation [and] work." 42 U.S.C. §601(a)(2).

To be eligible for federal grants to fund state welfare programs, the PRWORA required states to ensure that a certain percentage of welfare recipients participate in "work activities" intended to assist them in achieving economic independence. These activities include, <u>inter alia</u>, subsidized and unsubsidized employment, on-the-job training, vocational education, job search and job readiness activities, job training activities and education relating to employment. 42 U.S.C. §607(d)(1)-(12). To receive federal funds, a state must submit a plan to the Secretary of Health and Human Services that complies with the PRWORA requirements.

In 1997, New York State enacted a welfare reform statute that complied with the PRWORA requirements. N.Y. Soc. Serv. L. §331 <u>et seq</u>. (McKinney 2005). The statute's reforms included a requirement that public assistance recipients engage in "work activities" in return for their benefits. Requiring "work activities" was intended to assist those individuals receiving public assistance in being able to secure non-subsidized employment and "achieve economic independence." <u>Id</u>. at §331(1). Among other things, the legislation authorized local social services offices to establish Work Experience Programs (WEP). <u>Id.</u> at §336-c. WEP "may include the performance of work for a federal office or agency, county, city, village or town or for the state or in the operation of or in

an activity of a nonprofit agency or institution." Id. As a condition of receiving public assistance benefits, local social services offices may require participation in WEP unless the welfare recipient can demonstrate that illness, age, disability or other adverse condition entitles the recipient to an exemption. Id. at §332 & 332-b. Under the New York scheme, local social services personnel are charged with determining the number of hours the recipient is required to work in WEP and assign the individual to a specific work activity. The number of hours an individual must work in WEP is computed by dividing the amount of assistance payable to the recipient (including the value of food stamps) by the higher of the federal or state minimum wage. Id. at §336-c(2)(b).

Jack Toles: Plaintiff Toles was a WEP participant from November 1999 through November 2001. During the time he collected public assistance, Toles was deemed "employable" and therefore was required to participate in WEP "work activities" in order to maintain his public assistance benefits. Specifically, Toles was assigned to the Mobile Work Crew and required to perform manual labor for the Seneca County Division of Human Services. See Plaintiff's Statement of Undisputed Facts ¶ 8, 18-20 (Docket #35). Toles worked twelve hours a week at a food pantry in Waterloo where he "stack[ed] cans on shelves and did other work related to the food pantry." See Affidavit of Jack Toles, ¶ 15-17.

3

Due to various medical problems, Toles applied for (and was initially denied) Supplemental Security Income (SSI) disability benefits. Id. at ¶ 13. Nevertheless, as part of defendant's bi-annual "recertification" process required to maintain benefits, Toles signed an authorization allowing the County to "recapture" from any SSI benefits later determined to be due him the amount of his public assistance. See Defendant's Exhibit "J" (Docket #29). Toles appealed the decision denying him SSI disability benefits. While awaiting a decision on his appeal, Toles continued to work as a member of the Mobile Work Crew and continued to receive public assistance. See Plaintiff's Affidavit ¶ 14-15.[1]

On September 27, 2001, an administrative law judge found that Toles had been disabled since March 29, 2000 and was eligible for SSI. See Defendant's Exhibit "K" at page 26 (Docket #29). Toles began receiving SSI in November 2001, at which time Seneca County determined that he had received $4,819.34 in interim assistance from April 2000 through November 2001 and reimbursed itself this amount from his retroactive SSI benefits. See Defendant's Statement of Material Facts, ¶ 44. In reimbursing itself, Seneca

---

[1] While plaintiff awaited a decision on his SSI application, the public assistance benefit he received from participating in WEP is termed "interim assistance." See Defendant's Statement of Material Facts ¶ 21-22. Under the current system, both the County and the State are entitled to reimbursement of the interim assistance from the WEP participant if his SSI application is ultimately granted and he is awarded retroactive benefits. Id at ¶ 42-44.

County did not credit Toles for the value of the work he performed from April 2000 through November 2001, to which Toles attaches a value of $2,228.66. See Affidavit of Peter O'Brian Dellinger, Esq., ¶ 17-19 (Docket #36).

In his complaint, Toles alleges violations of 42 U.S.C. § 1983 based on two causes of action 1) a claim under the Fair Labor Standards Act (FLSA) for defendant's alleged failure to pay him minimum wage for his WEP work activities and 2) a claim under the Social Security Act for defendant's alleged failure to pay him the "excess" benefits owed him from his retroactive SSI award. (Docket #1). With the instant motion for summary judgment, Toles seeks reimbursement of the allegedly unlawfully retained portion of his retroactive SSI benefits. Toles argues that the County's mandatory reimbursement policy effectively deprived him of a minimum wage for the work he performed as a WEP participant. Defendant Schillaci disputes this characterization, stating that he lawfully implemented New York State's Interim Assistance Program. Although the parties dispute the legality of this program, the material facts are generally undisputed.

In moving for summary judgment, defendant Schillaci argues that Toles is seeking payment from two separate welfare agencies for a specific time period, which essentially amounts to double recovery. Schillaci also argues that public workfare recipients are not "employees" entitled to minimum wage under the FLSA, so

they are not entitled to credit for any alleged "wages earned." According to Schillaci: 1) Toles's FLSA claim is baseless and barred by the statute of limitations; 2) Toles failed to exhaust his administrative remedies for his claim under the Social Security Act; and 3) his §1983 claims are improper.

## Discussion

1. <u>Statute of Limitations:</u>   Defendant Schillaci seeks dismissal of Mr. Toles's substantive FLSA claim as barred by the statute of limitations.  Pursuant to 29 U.S.C. § 255, the statute of limitations for an FLSA claim is two years after the cause of action has accrued, unless a willful violation is alleged, in which case the plaintiff has three years to bring a lawsuit. <u>Herman v. RSR Security Services, Ltd.</u>, 172 F.3d 132, 141 (2d Cir. 1999); <u>Reich v. Waldbaum, Inc.</u>, 52 F.3d 35, 40 (2d Cir. 1995). The cause of action accrues when there is a breach of duty owed. <u>Ramey v. District 141, Intern. Ass'n of Machinists and Aerospace Workers</u>, 378 F.3d 269, 279 (2d Cir. 2004)("statute of limitations ordinarily does not begin to run, and the cause of action does not accrue, until the date of the actual breach"). Where a plaintiff contends that the three year time period applies, he bears the burden of establishing the defendant's willfulness. <u>Adams v. United States</u>, 350 F.3d 1216, 1229 (Fed. Cir. 2003).

Here, the parties agree that defendant's alleged breach

6

occurred on November 20, 2001, the date when Mr. Toles was notified that after the County and State were reimbursed for the interim assistance paid to Mr. Toles, there was no balance due to him. See Defendant's Exhibit "S" (Docket #31). However, Mr. Toles did not file his federal complaint until March 30, 2004. Therefore, as plaintiff concedes, his FLSA claim is only timely if the three year "willful violation" period applies.

The Supreme Court has held that the willfulness standard under the FLSA is a high one, noting that in creating a "two-tiered" statute of limitations, it is "obvious that Congress intended to draw a significant distinction between ordinary violations and willful violations." McLaughlin v. Richard Shoe Co., 486 U.S. 128, 132-33 (1988). The Court further noted that a willfulness standard that merely required an employer to know of the FLSA would "virtually obliterate[] any distinction between willful and nonwillful violations." Id. Instead, willfulness requires a showing that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." Id. at 133-35, citing Trans World Airlines v. Thurston, 469 U.S. 111 (1985).

Here, Toles never alleged a willful violation of the FLSA in his complaint. Indeed, Toles raised the willfulness claim for the first time in his opposition to defendant's summary judgment motion. See Toles's Memorandum of Law in Opposition at page 10

7

(Docket #45). Based on Toles's failure to allege a willful violation of the FLSA, the two-year limitations period should apply. See Coleman v. Circus Circus Casinos, Inc., 2006 WL 2591044, *5 (D. Nev. Sept. 6, 2006)(where complaint does not allege that defendant engaged in a willful violation, the two-year limitation period applies); Ungerleider v. Fleet Mort. Group of Fleet Bank, 329 F. Supp.2d 343, 363 (D. Conn. 2004)(court applied two year period where plaintiff "failed to trigger the three-year limitation period" because his complaint did "not contain a general averment as to willfulness of the part of [defendants].").

Even if Toles had alleged willfulness in his complaint, I find that under the facts presented here, it was reasonable for the County not to consider Toles as an employee under the FLSA. First, such a construction was supported by relevant state regulations. See 12 N.Y.C.R.R. § 1300.9(a)(4)(affirmatively stating that workfare recipients are not receiving a wage). Second, the New York Court of Appeals had issued a decision in Brukham v. Giuliani, 94 N.Y.2d 387 (2000), which reasonably could be construed as providing support for the position that WEP participants were not employees. Indeed, the Second Circuit case which plaintiff relies on was not issued until 2004, well after the County reimbursed itself for Toles's interim assistance. See United States v. City of New York, 359 F.3d 83, 94 (2d Cir. 2004)(WEP participants are employees entitled to the anti-discrimination protections of Title

VII).

The factual, legal and regulatory evidence in the record before this Court does not provide proof of willfulness. Thus, even assuming that willfulness had been properly alleged in the complaint, I find that at the time Seneca County reimbursed itself for Toles's interim assistance, there is no basis for finding that the defendant herein knew or showed reckless disregard of an FLSA minimum wage violation. See Rodriguez v. Potter, 2005 WL 2030838, *3 (S.D. Tex. Aug. 22, 2005)(in granting employer summary judgment, court found "no evidence that defendant knew or showed reckless disregard" for its FLSA violation); Wolfslayer v. Ikon Office Solutions, Inc., 2004 WL 2536833, *11 (E.D. Pa. Nov. 8, 2004)(summary judgment granting dismissal of FLSA willfulness claim because there was "no evidence that [defendant's] behavior even approached stubborn non-compliance in the face of contrary judicial authority")(internal quotations and citations omitted); Adams v. United States, 46 Fed. Cl. 616, 621 (Fed. Cl. 2000)(where defendants had "reasonable grounds" to believe they were acting in good faith compliance with the law, court found "no reason to believe" that defendants willfully violated the FLSA by ignoring it and applied two year statute of limitations), aff'd., 350 F.3d 1216 (Fed. Cir. 2003).

For these reasons, it is my Report and Recommendation that Mr. Toles's FLSA claim be dismissed as barred by the otherwise

applicable two year statute of limitations.

2. 42 U.S.C. § 1983 Claims: It is well settled that § 1983 does not itself create any independent substantive rights. Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617-618 (1979). Rather, in order to maintain a cause of action under that statute, a plaintiff must establish a violation of a federally-protected right apart from § 1983. Here, given that Toles's FLSA claim is time-barred, his related § 1983 claim cannot stand on its own and should also be dismissed. Reid v. New York County Dist. Atty. Marrinaccio, 2004 WL 1488194, *4 (S.D.N.Y. July 1, 2004)(where plaintiff's underlying alleged constitutional violation was time-barred, plaintiff's § 1983 also failed because there was no surviving claim of constitutional deprivation).

However, even if Toles's FLSA claim was not time-barred, his FLSA claim could not sustain a §1983 claim because the variety of enforcement mechanisms provided by the FLSA establish Congress's intent to preclude a § 1983 action to enforce it. Stone v. McGowan, 308 F. Supp. 2d at 87 ("Congress evinced a clear intent to preclude the use of § 1983 for the protection of rights secured by the FLSA"). See also Kendall v. City of Chesapeake, 174 F.3d 437, 443 (4th Cir. 1999)(to permit § 1983 actions for alleged FLSA violations would be inconsistent with Congress's intent).

Similarly, Toles's § 1983 claim based on an alleged violation

of the Social Security Act must also fail because the alleged substantive violation cannot withstand defendant's motion for summary judgment. Relying on the Social Security Act's provision that "if the Commissioner of Social Security makes payment to the State [] in reimbursement for interim assistance . . . for any individual in an amount greater than the reimbursable amount . . . the State shall pay to the individual the balance of such payment in excess of the reimbursable amount as expeditiously as possible" (see 42 U.S.C. § 1383(g)(4)(a)), Toles alleges that Schillaci failed to reimburse him for the "excess" amount paid by Social Security representing his "rightful wages." 42 U.S.C § 1383(g)(4)(a).

However, in the same section of the law, the Social Security Act expressly excludes from judicial review decisions made by the Secretary of Health and Human Services. Rather, there are administrative remedies for appealing these decisions and obtaining an administrative hearing -- remedies which Toles failed to exhaust below. This failure to exhaust is fatal to his claim because "issues regarding the interim assistance reimbursement program are not subject to judicial review." See West v. Sullivan, 1993 WL 14472, *1 (S.D.N.Y. Jan. 11, 1993)(court granted motion to dismiss for lack of subject matter jurisdiction). See also Trotta v. Secretary of Health and Human Services, 765 F.Supp. 29, 33 (D. Mass. 1991) (court dismissed action for lack of subject matter

jurisdiction and noted that to allow plaintiff to proceed in federal court "would be to thwart the efforts of Congress to encourage states to offer interim assistance to SSI applicants while their applications are pending.").

3. Plaintiff's Motion to Strike:   The final issue before the Court is Toles's Motion to Strike the Affidavit of Russell Bennett, an attorney for the New York State Office of Temporary and Disability Assistance.   (Docket #52).   Toles contends that Bennett's affidavit is being proffered as expert testimony and Bennett was never identified as an expert pursuant to this Court's scheduling order.  Schillaci denies that Bennett is offering expert evidence, but asserts that even if he is deemed an expert, there is no prejudice to Toles who submitted a responsive affidavit from attorney Susan Antos.

To the extent that Mr. Bennett's affidavit explains the intricacies of the interim assistance reimbursement procedure and does not involve his direct participation in the underlying facts, I find that his affidavit is more akin to that of an expert than a lay person. See Indemnity Ins. Co. of North America v. American Eurocopter LLC, 227 F.R.D. 421, 424 (M.D.N.C. 2005)(a witness is not an expert "so long as the witness played a personal role in the unfolding of the events at issue"), quoting Gomez v. Rivera Rodriguez, 344 F.3d 103, 113-114 (1st Cir. 2003). However, I find that his affidavit did not prejudice Toles because he availed

himself of the opportunity to file a responsive expert affidavit. Accordingly, it is my Report and Recommendation that Toles's motion to strike the affidavit should be denied. See, e.g., Spray-Tek, Inc. v. Robbins Motor Transp., Inc., 426 F. Supp. 2d 875, 881 (W.D. Wis. 2006)(where expert was not disclosed prior to submitting affidavit in support of summary judgment motion, court declined to strike it because there was no prejudice); Thompson Hardwoods, Inc. v. Transp. Ins. Co., 2002 WL 440222, *13 (S.D. Ind. March 15, 2002)(motion to strike expert's affidavit because of late disclosure denied where there was no prejudice).

## Conclusion

For the reasons stated above, it is my Report and Recommendation that Plaintiff Toles's motions for summary judgment and to strike be **denied** and that defendant's motion for summary judgment be **granted**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Date: September 29, 2006
      Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R. Civ.P. 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**SO ORDERED.**

_____
Jonathan W. Feldman
United States Magistrate Judge

Dated: September 29, 2006
Rochester, New York

14