UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JACK TOLES,

        Plaintiff,

                                                DECISION AND ORDER
vs.                                             04-CV-6126

CHARLES SCHILLACI, individually and in his official
capacity as Commissioner of the SENECA COUNTY
DIVISION OF HUMAN SERVICES,

        Defendants,

_____

Before the Court are plaintiff's objections to the magistrate judge's report and recommendation (#57) that plaintiff's motion to strike and cross-motion for summary judgment be denied, and that defendant's motion for summary judgment be granted. For the reasons stated below, the report and recommendation is adopted in its entirety.

In the first of his objections, plaintiff contends that the magistrate judge erred by failing to grant declaratory judgment to him with regard to his rights under the Fair Labor Standards Act ("FLSA").  Reviewing this issue *de novo*, the Court concludes that the magistrate judge's report and recommendation is correct. Plaintiff never alleged a willful violation of the FLSA. Accordingly, the shorter two-year statute of limitations applies in his case.  Since the parties agree that plaintiff's claim under the FLSA accrued on November 20, 2001, and since plaintiff did not file suit until March 30, 2004, his FLSA claim is beyond the two-year statute of limitations. Therefore, the relief plaintiff seeks in the form of a declaratory judgment is barred by the statute of limitations.

Moreover, the Court agrees with the magistrate judge's determination that even if plaintiff's complaint could be construed to have alleged a willful violation of the FLSA, it was reasonable for the defendant not to consider plaintiff as an employee under the FLSA.  As the magistrate judge points out in his report and recommendation, there was no definitive case law supporting plaintiff's position on this point until 2004 when the Second Circuit issued its decision in *United States v. City of New York*, 359 F.3d 83, 94 (2d Cir. 2004), which was well after plaintiff's cause of action had expired.

The Court also considers *de novo* plaintiff's claim that the magistrate judge improperly recommended dismissal of his § 1983 claim.  The Court determines that the magistrate judge correctly concluded in his report and recommendation that this claim must be dismissed because it is time barred as a result of plaintiff's failure to exhaust his administrative remedies. (*See* Report and Recommendation, at 10-12.) In this regard, the Commissioner of Social Security's regulation pertaining to 42 U.S.C. § 1383(g)(5) is clear on its face:

> § 416.1920 Your appeal rights in the State.
>
> Under its interim assistance agreement with us, the State must agree to give you an opportunity for a hearing if you disagree with the State's actions regarding repayment of interim assistance. For example, you are entitled to a hearing by the State if you disagree with the State regarding the amount of the repayment the State keeps or the amount of any excess the State pays to you. *You are not entitled to a Federal hearing on the State's actions regarding repayment of interim assistance.*

20 C.F.R. § 416.1920 (emphasis added). Here, plaintiff's failure to avail himself of the State hearing contemplated in § 1383(g)(4)(A) and (g)(5) bars his § 1983 claim since he has failed to exhaust administrative remedies within the limitations period for his § 1983 claim. *See Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41(1938) ("Of course, exhaustion is required where

Congress provides that certain administrative remedies shall be exclusive."). Likewise, plaintiff is not entitled to a declaratory judgment on his § 1983 claim. "Where administrative remedies are statutory, . . . exhaustion of remedies is mandatory." *U.S. ex rel. The Saint Regis Mohawk Tribe v. President R.C.--St. Regis Management Co.*, 451 F.3d 44, 50 (2d Cir. 2006); *see also Public Service Commission of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 246 (1952) ("the declaratory judgment procedure will not be used . . . as a substitute for statutory methods of review"); *Batista v. Nicolls*, 213 F.2d 20, 22 (1st Cir. 1954) ("petitioner must exhaust available administrative relief before invoking the extraordinary remedies of a court of equity").

As to the applicable statute of limitations, the Court agrees with the reasoning in *Romer v. Leary*, 305 F. Supp. 366 (S.D.N.Y. 1969). There, the district court wrote,

> Under section 1983 of Title 42, the plaintiff need not have first sought relief in a state court before bringing his action here. However, had he done so, the court finds that, in view of the facts and questions raised here, his appropriate remedy would have been by way of Article 78 of the CPLR. Section 217 of the CPLR provides that such a "proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding" upon the plaintiff.

*Romer*, 305 F. Supp. at 368-69. Consequently, as the magistrate judge found, plaintiff's failure to exhaust administrative remedies within the four-month limitations period bars his § 1983 claim.

Further, to the extent plaintiff relies on the decision in *Fifield v. Bane*, 808 F. Supp. 210, 213 (W.D.N.Y. 1992), in support of his 1983 claim, the Court finds such reliance unpersuasive. In that case, the court determined that § 1383(g)(4)(A) provided "authority for MC DSS to retain $23,000 of plaintiff's SSI back payments," and the court concluded "as a matter of law that such

action does not constitute a violation of plaintiff's civil rights under § 1983."[1]

Accordingly, the Court adopts the magistrate judge's report and recommendation in its entirety. 28 U.S.C. § 636(b)(1). Plaintiff's cross-motion (# 33) for summary judgment and motion (# 52) to strike are denied. Defendant's motion (# 25) for summary judgment is granted, and this case is dismissed. The Clerk shall enter judgment for defendant.

IT IS SO ORDERED.

DATED:      Rochester, New York
            March 1, 2007

                              ENTER.


                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judg

---

[1]Finally, because the Court decides this claim on the same issues as the magistrate judge, it need not address the defendant's further arguments with regard to Eleventh Amendment immunity.